UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO MARTEL LOVE,

          Petitioner,

    v.

SUZANNE M. PEERY,

          Respondent.

No. 2:20-cv-0842 TLN KJN P

FINDINGS & RECOMMENDATIONS

I. <u>Introduction</u>

       Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction for corporal injury on a spouse and child endangerment; he was sentenced to six years and eight months in state prison. Petitioner claims that (1) defense counsel was ineffective by failing to object to the sentence because (a) it was illegal under California law; and (b) it was not the deal petitioner agreed to; (2) petitioner's plea was not intelligent; (3) his case should be remanded to the trial court to exercise its discretion to strike his serious felony allegation under California Senate Bill 1393 ("SB 1393"); and (4) petitioner's sentence violates double jeopardy and California state law. (ECF No. 1.)

       After careful review of the record, the undersigned concludes that the petition should be denied.

1

II. <u>Procedural History</u>

Pursuant to a plea bargain, petitioner pled no contest to one count of corporal injury on a spouse and one count of child endangerment, and admitted he suffered a prior serious felony conviction. Pursuant to the plea agreement, on June 20, 2018, petitioner was sentenced to six years and eight months in state prison. (ECF No. 20-1 at 22 (abstract of judgment).)

Petitioner did not file an appeal.

Petitioner filed five petitions for writ of habeas corpus in the Sacramento County Superior Court, all of which were denied. (ECF Nos. 20-3 through 20-12.) The third (as to claims raised herein), fourth and fifth petitions were denied as successive. (ECF Nos. 20-8, 20-10, 20-12.)

On September 18, 2019, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 20-13.) On October 4, 2019, the state appellate court denied the petition without comment. (ECF No. 20-14.)

On November 18, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 20-15.) The California Supreme Court denied the petition on March 11, 2020, without comment. (ECF No. 20-16.)

Petitioner filed the instant petition on April 24, 2020. (ECF No. 1.)

III. <u>Facts</u>

In pleading guilty, petitioner admitted the following facts:

On or about April 10, 2018, petitioner was married to Christine Doe. (Reporter's Transcript ("RT" at 4) (ECF No. 20-2 at 4).) She walked in on petitioner while he was striking her child Jaymon Doe, age 11, multiple times in the face with a charger cord, leaving marks on Jaymon Doe's body and causing swelling to his face. When Christine attempted to intervene, petitioner "struck her in the face, knocked her to the ground, kicked her multiple times." (RT at 4-5.) Christine had to go to the hospital where she received treatment for swelling and a cut to her face. (RT at 5.)

As to the prior strike, on April 14, 2004, petitioner was convicted of kidnapping, a serious felony within the meaning of California Penal Code Section 1192.7(c), subjecting him to California Penal Code Sections 667(b) to (i) and 1170.12. (RT at 5.)

2

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision.  Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced."  Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court,

3

be accepted as correct.  Id.  Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue.  Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. [1]  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. at 411.  See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a "'firm conviction"' that the state court was "'erroneous"'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  Richter, 562 U.S. at 103.

////

---

[1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

V.  Petitioner's Claims

A.  Claim Three:  State Senate Bill 1393

In his third claim, petitioner contends that his case should be remanded so that the trial court may exercise its discretion and strike or stay the consecutive sentence under SB 1393. (ECF No. 1 at 8-9.)  Respondent argues that petitioner failed to identify a theory on which his sentence violates federal law, and therefore fails to state a federal claim for relief. (ECF No. 18 at 12.)

The last reasoned rejection of petitioner's first claim is the August 13, 2019 decision of the Sacramento County Superior Court:

> Petitioner alleges that he is entitled to be resentenced under the provisions of newly enacted Senate Bill 1393 ("SB 1393"). SB 1393, effective on January 1, 2019, gave the trial courts discretion to strike or dismiss the enhancements imposed pursuant to Penal Code section 6679a). Petitioner, however, is not entitled to relief under SB 1393

6

because no enhancement under section 667(a) was imposed in his case. Furthermore, since the Legislature did not state that SB 1393 would apply retroactively, it may be inferred that it intended the bill only to apply to cases not yet final on appeal when the amendment became effective. (People v. Garcia (2018) 28 Cal. App. 5th 961, 973.) Petitioner's case was already final before January 1, 2019.

(ECF No. 20-6 at 1.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 68; Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68.

Petitioner claims he did not receive a resentencing in violation of a new state law. Petitioner cites only state law in support of his claim and identifies no federal constitutional violation. Further, a claim that a failure to resentence a petitioner under SB 1393 "does not state a claim for federal habeas relief." Bush v. Davis, 2020 WL 7043882, at *2 (N.D. Cal. Dec. 1, 2020); see also Burchett v. Martel, 2020 WL 1847131, at *2, adopted, 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020) (petitioner's allegations regarding SB 1393 involve an alleged misapplication of state law and "[a]s such, they fail to state a cognizable federal claim."). Therefore, petitioner's third claim is not cognizable on federal habeas review and should be dismissed.

### B. Claim Four: Sentence Enhancement

In his fourth claim, petitioner contends his sentence was illegally enhanced on the basis of his prior conviction subjecting him to double jeopardy. (ECF No. 1 at 10.) He appears to argue that his crime was a single course of conduct incident to a single objective, requiring that petitioner be punished for only one offense. Further, petitioner contends his prior felony took place in 2004, and was a non-violent crime which does not qualify under California Penal Code Section 667. (ECF No. 1 at 10.)

The Sacramento County Superior Court addressed different portions of petitioner's fourth claim in two reasoned rejections; one on April 23, 2019, and the second on August 13, 2019:

Penal Code section 654 provides that a single act or omission punishable under multiple provisions of law shall be punished by the longest single term of imprisonment. In general, this means that when a single course of conduct violates more than one statute, and the offenses were incident to a single objective, the defendant may only be punished for one offense. (See People v. Latimer (1993) 5 Cal.4th 1203, 1208.) The exception to Section 654, however, is a situation like the one at present in which there are multiple victims. Even though a defendant entertains but a single principal objective during an indivisible course of conduct, he or she may be convicted and punished for each crime of violence committed against a different victim. (People v. Garcia (1995) 32 Cal.App.4th 1756, 1781.) In this case, Petitioner was convicted of injuring his [spouse] as well as endangering the life of her child -- two separate victims. As such, it was proper to impose separate sentences for each crime. In addition, the trial court has discretion under Penal Code sections 669 and 1170.1 to sentence multiple counts consecutively or concurrently. If consecutive sentences are imposed, the sentence for each subordinate offense is one-third the middle term applicable to that count. (Pen. Code § 1170.1.) Sentencing for subordinate offenses is not affected by whether the court imposed the upper or lower term on the primary offense.

(ECF No. 20-4 at 1-2 (April 23, 2019 Order).)

Petitioner argues that enhancing his sentence for prior convictions was unconstitutional, subjected him to double jeopardy, and created an illegal sentence. Again, Petitioner does not provide any legal basis for his claims. Petitioner pleaded no contest to corporal injury to a spouse and endangering the life of a child, felony convictions of Penal Code sections 273.5 and 273a. Petitioner also admitted to a prior conviction for kidnapping from April 14, 2014 [sic]. (Reporter's Transcript, p. 6.) When a defendant has one prior serious and/or violent felony conviction that has been pled and proved, the term of punishment shall be twice the term otherwise provided as punishment for the current felony conviction. (Pen. Code § 1170.12(c)(1).) As kidnapping qualifies as both a serious and violent felony under sections 667.5(c)(14) and 1192.7(c)(20), the court was required to double the sentence terms for his current felony convictions.

(ECF No. 20-6 at 2 (August 13, 2019 order).)

As noted above, habeas relief "is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). Indeed, when a state

8

courts rests its decision on its interpretation of state law, we are bound by that court's decision. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Estelle, 502 U.S. at 71-72 ("Federal habeas relief does not lie for errors of state law."). Habeas relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court. See Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Accordingly, to the extent petitioner alleges that the state failed to follow or inappropriately applied state laws, his claims for relief fail.

The Sacramento County Superior Court did not address petitioner's claim that the consecutive sentence subjected him to double jeopardy, and the California Supreme Court issued a denial without comment.

The Fifth Amendment's Double Jeopardy Clause protects against "multiple criminal punishments for the same offense." Monge v. California, 524 U.S. 721, 727-28 (1998). "A state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause." Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987) (citing Albernaz v. United States, 450 U.S. 333 (1981)). The test that determines whether convictions violate double jeopardy is "whether there are two offenses or only one," which is demonstrated by evaluating "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932) (citation omitted); see also Dowling v. United States, 493 U.S. 342, 355 (1990) (citing Blockburger, 284 U.S. at 304) ("Two offenses are considered the 'same offense' for double jeopardy purposes unless each offense requires proof of a fact that the other does not."). Such "analysis focuses on the statutory elements of the offenses." United States v. Overton, 573 F.3d 679, 691 (9th Cir. 2009) (citation omitted); see also Rhoden v. Rowland, 10 F.3d 1457, 1461-62 (9th Cir. 1993) (holding that there was no violation of the Double Jeopardy Clause where sentences were imposed for distinct crimes).

////

Here, petitioner's claim that his crime involved only a single criminal objective is incorrect. As argued by respondent, petitioner's crimes involved two different victims as well as two different offenses: corporal injury on a spouse and child endangerment to the spouse's child. Petitioner fails to demonstrate that the statutory elements of both offenses were the same; nor could he. California Penal Code Section 273.5 provides that "[a]ny person who willfully inflicts corporal injury resulting in a traumatic condition upon a [spouse] (b) is guilty of a felony. . . . <u>Id.</u> But the elements of the child endangerment offense are:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.

Cal. Penal Code § 273a(a). Because each offense required proof of a fact that the other did not, petitioner's sentence does not violate double jeopardy, and it was reasonable for the California Supreme Court to reject such claim.

### C. Claims One and Two

In claim one, petitioner claims that defense counsel provided ineffective assistance of counsel by failing to object to the sentence because (1) it was illegal under California law; and (2) it was not the deal petitioner agreed to. (ECF No. 1 at 5.) In claim two, petitioner avers that he would not have agreed to the bargain if he knew it did not comply with California law, which he argues means his plea was not intelligent. (ECF No. 1 at 7.)

Respondent contends that petitioner failed to exhaust claims one and two, but that in any event such claims are plainly meritless. (ECF No. 17 at 10-12.) Petitioner did not file a reply, but in his petition avers he included such claims in his petition for writ of habeas corpus filed in the California Supreme Court. (ECF No. 1 at 6, 7.)

The petition filed in the California Supreme Court included the following claims:

Ground one: petitioner was entitled to remand for the superior court to exercise discretion to strike the serious felony enhancements under SB 1393 (ECF No. 20-15 at 3);

10

1    Ground two:  petitioner's plea was the result of unconstitutional coercion and violates

2    Amendment rights; in the supporting facts section, petitioner argued that his plea was not

3    intelligent because at sentencing time was added, and the factual basis changed (ECF No. 20-15

4    at 4);

5    Ground three:  petitioner's sentence was illegally enhanced on the basis of prior

6    conviction which was unconstitutional which violates Amendments (ECF No. 20-15 at 7); and

7    Ground four:  petitioner was convicted on the basis of a guilty plea that was the product of

8    ineffective assistance of counsel at sentencing; in the supporting facts section, petitioner claimed

9    that defense counsel was ineffective for not objecting at the prelim, not saying anything about due

10   process, allowing an illegal deal to be made, and not holding the district attorney to the offer

11   (ECF No. 20-15 at 5).

12   A petitioner satisfies the exhaustion requirement by providing the highest state court with

13   a full and fair opportunity to consider all claims before presenting them to the federal court.

14   Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton, 768 F.2d at 1086.  The state court has

15   had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that

16   court.  The fair presentation requirement is met where the petitioner has described the operative

17   facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is

18   "not enough that all the facts necessary to support the federal claim were before the state courts . .

19   . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6

20   (1982).  Instead,

> [i]f state courts are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must surely be alerted to
> the fact that the prisoners are asserting claims under the United States
> Constitution.   If a habeas petitioner wishes to claim that an
> evidentiary ruling at a state court trial denied him the due process of
> law guaranteed by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

25   Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

26   must include reference to a specific federal constitutional guarantee, as well as a statement of the

27   facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

28   ////

As set forth in the instant petition, petitioner's ineffective assistance of counsel claims based on defense counsel's failure to object, and petitioner's claim that his plea was not intelligent were not fairly presented in his petition filed in the California Supreme Court. Petitioner did not set forth both the specific facts and the federal legal theory on which claims one and two were based. Thus, as argued by respondent, petitioner failed to exhaust such claims.

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(2). "[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Thus, the court now reviews the merits of petitioner's unexhausted claims.

1. <u>Standards Governing Unexhausted Claims</u>

The clearly established federal law for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Plea agreements are contractual in nature and are construed using the ordinary rules of contract interpretation. United States v. Transfiguracion, 1228 (9th Cir. 2006); Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). Courts will enforce the literal terms of the plea agreement but must construe any ambiguities against the government. United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). In construing a plea agreement, this court must determine what petitioner reasonably believed to be its terms at the time of the plea. United States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992), as amended, 990 F.2d 1163 (9th Cir. 1993).

A defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. <u>United States v. Broce</u>, 488 U.S. 563, 574 (1989); <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984), <u>overruled in part on other grounds by Puckett v. United States</u>, 556 U.S. 129 (2009). Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 186 (2005).

## 2. Discussion

The Sacramento County Superior Court determined that petitioner's sentence did not violate state law. (ECF No. 20-8 at 2-3.) Accordingly, any objection by defense counsel to that sentence on the grounds that it violated state sentencing law would have been meritless. Petitioner cannot show prejudice with respect to this claim of ineffective assistance of counsel because the failure to make a meritless objection does not constitute ineffective assistance. <u>See Jones v. Smith</u>, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (citing <u>Boag v. Raines</u>, 769 F.2d 1341, 1344 (9th Cir. 1985) (an attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel)). <u>See also Matylinsky v. Budge</u>, 577 F.3d 1083, 1094 (9th Cir. 2009) (counsel's failure to object to testimony on hearsay grounds not ineffective where objection would have been properly overruled); <u>Rupe v. Wood</u>, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

Petitioner's contention that defense counsel should have objected to the sentence because it was not the deal petitioner agreed to fails for the same reason. Petitioner pled guilty in exchange for the dismissal of count one and that the great bodily injury allegation would be dismissed. (RT at 4.) At the time petitioner changed his plea in open court, the judge informed petitioner that he would be sentenced to a prison term of six years and eight months (RT at 5), which is the sentence petitioner received. When the judge asked petitioner if he understood the consequences of his plea, petitioner responded, "Yes, your Honor." (RT at 6.) Given that petitioner received the sentence he bargained for, defense counsel had no cause to object, and any objection would have been futile. Thus, petitioner cannot demonstrate prejudice. <u>See Jones</u>, 231 F.3d at 1239 n.8. To the extent petitioner claims he was promised under the plea deal that he

1   would not receive consecutive sentences, petitioner points to no evidence in the record so

2   demonstrating.

3       The record also refutes petitioner's claim that his plea was not intelligent.  Petitioner was

4   represented by counsel.  After advising petitioner of his legal and constitutional rights, and

5   hearing petitioner's affirmative responses, the trial court found that petitioner intelligently and

6   voluntarily waived his legal and constitutional rights to a jury trial, to confront and examine

7   witnesses, and to remain silent.  (RT 6-8.)  Petitioner denied he was under the influence of

8   alcohol or any drug or medication, and denied that anyone made any other promises or threats to

9   him to get him to enter his plea.  (RT at 7.)  Petitioner pleaded guilty to counts two and three, and

10  admitted he was previously convicted of kidnapping, a serious felony.  (RT at 8.)  The trial court

11  found there was a factual basis for the pleas and admission, and found petitioner guilty.  (RT at

12  9.)  Petitioner was sentenced to an aggregate term of six years and eight months in prison.  (RT at

13  10.)  As agreed, the trial court struck the remaining counts in the interest of justice.  (RT at 11.)

14      "[F]indings made by the judge accepting the plea [ ] constitute a formidable barrier in any

15  subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption

16  of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977); see generally United States v.

17  Kaczynski, 239 F.3d 1108, 1114-15 (9th Cir. 2001) ("substantial weight" must be given to a

18  defendant's in-court statements), cert. denied, 535 U.S. 933 (2002); Sanchez v. United States, 50

19  F.3d 1448, 1455 (9th Cir. 1995) (when "during the plea colloquy, [a defendant] specifically

20  denied that any threats and coercions had been used against him[,] [c]ourts generally consider

21  such responses to be strong indicators of the voluntariness of the defendant's guilty plea")

22  (citations omitted).  Petitioner claims the plea agreement "was the result of unconstitutional

23  coercion," but he fails to provide specific facts that demonstrate such coercion.  (ECF No. 1 at 8.)

24  Petitioner's unsupported allegations fail in light of petitioner's own contrary statements at the

25  change of plea hearing.

26      Petitioner's dissatisfaction with the plea does not render his plea involuntary, or his

27  counsel's assistance deficient.  For the reasons discussed above, the undersigned finds that

28  petitioner's unexhausted claims should be denied on the merits.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/love0842.157